**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOHN MCDEVITT,

       **Plaintiff,**

-vs-            **Case No.  6:05-cv-1120-Orl-31KRS**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

       **Defendant.**

_____

# ORDER

   This matter comes before the Court on the Motion for Attorney's Fees (Doc. 31) filed by

the Plaintiff, John McDevitt ("McDevitt").  In resolving this motion, the Court has also considered

the response (Doc. 32) filed by the Defendant, Commissioner of Social Security ("Commissioner")

and the Court-ordered reply (Doc. 34) filed by McDevitt.

**I.**   **Background**

   McDevitt sought disability benefits under the Federal Old Age, Survivors, and Disability

Insurance Programs ("OASDI") and under the Supplemental Income for the Aged Blind, and

Disabled Program ("SSI") as of August 8, 2001.  His applications were denied initially and upon

reconsideration.  McDevitt requested a hearing before an administrative law judge.  The ALJ

determined that McDevitt was not disabled because he could perform his past relevant work as a

telemarketer.  Although agency psychologists had found that McDevitt was moderately limited

with regard to concentration, the ALJ determined that the impairment resulted from ongoing

alcohol abuse rather than the side effects of prescribed  medication that McDevitt was taking.  The

ALJ found that "[l]ater evidence in the record does not show significant memory or concentration deficits nor does it show any ongoing mental health treatment," that McDevitt "did not mention any concentration or memory difficulties at the hearing," and stated that McDevitt had "failed to address his ongoing abuse of alcohol in the past which ha[d] played a significant role in his health problems."   This Court adopted the report and recommendation of the magistrate judge and affirmed the determinations of the ALJ.

On appeal, the United States Court of Appeals for the Eleventh Circuit reversed and remanded.  The Eleventh Circuit found that McDevitt had, in fact, testified that one of his medications caused extreme lack of concentration and another made him sleepy, both of which could preclude him from being able to work as a telemarketer.  The Court noted that, in determining whether a claimant can perform his or her former occupation, an ALJ has a duty to investigate the possible side effects of the claimant's medication.  Because the ALJ "made no finding, as to credibility or otherwise, regarding McDevitt's claim that his medication caused severe concentration problems and made him drowsy," the Eleventh Circuit concluded that the ALJ's determination that McDevitt could perform the duties of a telemarketer was not based on substantial evidence in the record.

## II.    Standard

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, provides that a court shall award to a prevailing party fees and other expenses incurred by that party in any civil action brought by or against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.  *Jean v. Nelson*, 863 F.2d 759, 766 (11th Cir. 1988).  A party need not obtain relief on every claim or legal theory

in order to be considered "prevailing"; proving entitlement to some relief on the merits of his or

her claims, either in the trial court or on appeal, is sufficient. *Id.* (citing *Hanrahan v. Hampton*,

446 U.S. 754, 757 (1980)).  To establish that its position was "substantially justified," the

government must demonstrate that all of its arguments possessed a reasonable basis both in law

and fact.  *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990).  This inquiry encompasses both

the agency's prelitigation conduct and the subsequent litigation positions of the Justice

Department.  *Id.* at 666 n.5.  "Under this inquiry, it is not sufficient for the government to show

that some of its earlier positions or arguments were valid.  Unless the government can establish

that *all* of its positions were substantially justified, the claimant is entitled to receive attorney's

fees."  *Id.*

## III.    Application

Sentence four and sentence six of 42 U.S.C. § 405(g) set forth the exclusive methods by

which courts may remand a decision of the Commissioner.  *Shalala v. Schaefer*, 509 U.S. 292, 296

(1993).  A plaintiff who obtains a sentence-four remand is a prevailing party for purposes of the

EAJA.  *Id.* at 302.  Although the Eleventh Circuit did not specify whether it was remanding this

case pursuant to sentence four or sentence six, sentence six remands occur in only one of two

situations: where the Commissioner requests a remand before answering the complaint, or where

new, material evidence is adduced that was for good cause not presented before the agency.  *Id.* at

297 n.2.  Neither occurred in this case.  Thus, McDevitt obtained a sentence-four remand and is a

prevailing party under the EAJA.

The government argues that its position was substantially justified in that the Eleventh

Circuit remanded on a very limited basis, specifically on the point that the ALJ should have

addressed the side effects of McDevitt's medications.  The government also points to a lack of supporting medical evidence in the record, other than McDevitt's testimony, as to the alleged side effects, as a basis for finding that the ALJ's conclusion and its own arguments were reasonable. However, there is no way to conclude that the ALJ's actions in regard to the side effects issue was substantially justified.  Rather than elicit testimony or make findings on this point, the ALJ ignored the relevant portion of the record and inaccurately characterized McDevitt's testimony about his medications' effect on his ability to concentrate.[1]  Because the ALJ's position on this issue was not reasonable, the government's conduct was not substantially justified.

The Plaintiff seeks to recover $14,419.66 in attorney fees for 87.20 hours of work done on the original case and appeal, as well as an additional $2,124.32 for preparing the court-ordered response to the government's objection to the fee request.[2]  The fees sought are calculated using an hourly rate of $156.79 for work performed in 2005; $161.85 for work in 2006; and $167.27 for 2007. The government does not take exception to these rates.  However, the government contends that some of the 87.20 hours were not reasonably expended and are not recoverable.

The government argues that because the Plaintiff's initial attorney, Juan Gautier, has been suspended from practicing by this Court, the 14.90 hours he expended provided little if any benefit to the Plaintiff and should be deducted.  Aside from a general reliance on the fact of the suspension, the government offers nothing to suggest that this time was worthless.  The

---

[1] The Court also notes that the Appeals Council also failed to correct this problem despite the issue being raised by McDevitt's attorney.  (Doc. 34 at 2).

[2] McDevitt also seeks to recover $57.95 in expenses and the $250 filing fee, to which the government raises no objection.

government does note that the initial brief, which was prepared by Gautier, did not address the side effects issue.  However, that brief did refer repeatedly to McDevitt's testimony about his concentration problems and noted that the ALJ had mistakenly stated that McDevitt never mentioned any such problems.  (Doc. 8 at 10-11).  The side effects were found to be relevant by the Eleventh Circuit because they allegedly interfered with McDevitt's ability to concentrate at work.  Thus, although the brief did not explicitly mention the side effects, it did raise the underlying issue that led to the reversal.

The government argues that .7 hours incurred by Plaintiff's second attorney, Sarah Bohr, in seeking an extension of time to file objections, resulted from actions of Gautier and should not be billed to the government.  However, the government fails to provide any evidence from which this Court could conclude that Gautier's actions necessitated the extension.  Similarly, the government complains that Plaintiff's third and fourth attorneys expended too much time objecting to the report and recommendation and prosecuting the appeal.  However, the government provides no basis from which this Court could conclude that "at least 2 hours of attorney time should be subtracted from Plaintiff's request for preparation of his objections and 20 hours should be subtracted from Plaintiff's request for preparation of his appellate brief and reply brief."  (Doc. 13 at 13).  The government does not even detail how many hours were spent on these tasks, much less explain how those amounts were excessive in the amount of two hours and 22 hours, respectively. The government has not even attempted to show, for example, that any of the time spent on those tasks was duplicative or normally performed by non-attorneys.  The Court has reviewed the time records submitted by the Plaintiff and finds that 86.2 hours is not an excessive amount of time for

an attorney to spend on a case that was litigated before a magistrate judge, a district judge, and the Eleventh Circuit Court of Appeals.

A prevailing party under the EAJA may also recover the fees and costs incurred in preparing and litigating its fee application. *Commisioner, I.N.S. v. Jean*, 496 U.S. 154, 162 (1990). Plaintiff's counsel seeks to recover for 12.7 hours spent litigating the amount of the fee. (Doc. 34 at 9-10). More particularly, Plaintiff's counsel seeks to recover for 12.7 hours "researching and preparing [the] response to the multiple issues raised by the Commissioner" in the government's objection to the original fee request. (Doc. 34 at 10). Obviously, the government has not had an opportunity to respond to this request. Based on its own litigation experience, the Court finds that 12.7 hours is excessive, and that 10 hours would have been a reasonable amount of time to research and prepare the Plaintiff's 10-page response to the government's objection. The fee award will be reduced to this amount.

Finally, the parties disagree as to the proper recipient of this fee award. The government contends that the fee should be awarded to the Plaintiff, while Plaintiff's counsel argues for an award to Plaintiff's counsel rather than its client. The government points to the language of the EAJA, which authorizes an award of fees to "a prevailing party," not to that party's attorney. 28 U.S.C. § 2412(d)(1)(A). In *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509-10 (11th Cir. 1988), the court determined that "the party eligible to recover attorney's fees under the EAJA ... is the prevailing party" and that attorneys have no independent standing to claim attorneys' fees under that statute. Although not precisely on point, this case supports the government's position. Two other courts have relied on the *Panola* decision to reject the argument that EAJA fees are to be awarded to the claimant's counsel rather than the claimant himself. *See Reeves v. Barnhart*,

473 F.Supp.2d 1173 (M.D.Ala. 2007) (relying on *Panola* in rejecting Social Security claimant's

argument that only his attorney, not he, had any real interest in the EAJA fee payment) *and see*

*McCarty v. Astrue*, 505 F.Supp.2d 624, 629-30 (N.D.Cal. 2007) ("*Panola* provides the most

persuasive analysis describing how other provisions of the EAJA rule out the possibility that

Congress intended the EAJA to award attorneys' fees directly to an attorney.").  McDevitt's

counsel cites a number of cases that purportedly reject this conclusion, but none of them stand for

the proposition that a Court may award fees under the EAJA directly to the claimant's attorney.

**IV.      Conclusion**

        In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the

Motion for Attorney's Fees (Doc. 31) filed by the Plaintiff, John McDevitt, is **GRANTED IN**

**PART AND DENIED IN PART**.  The Court awards to Plaintiff $57.95 in expenses, $250.00 in

costs, and attorneys fees in the following amount:

| | |
|---|---|
| Gautier fees | $2,396.39[3] |
| Culbertson fees | $3,011.72[4] |
| Rice fees | $7,828.24[5] |
| Bohr fees | $1,183.21[6] |
| Reply brief fee | $1,672.70[7] |
| | |
| Total Fee Award | $16,092.26 |

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 12, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[3] 3.0 hours at the 2005 rate of $156.79 per hour, plus 11.9 hours at the 2006 rate of $161.85 per hour.  (Doc. 31-4 at 3).

[4] 9.1 hours at $161.85 per hour, plus 9.2 hours at the 2007 rate of $167.27 per hour.  (Doc. 31-4 at 3).

[5] 46.8 hours at $167.27 per hour.  (Doc. 31-4 at 3).

[6] 3.9 hours at $161.85 per hour, plus 3.3 hours at $167.27 per hour.  (Doc. 31-4 at 3)

[7] 10.0 hours at $167.27 per hour.  (Doc. 34 at 10).